Good morning, John Mermin representing Richard Graf, and may I please reserve two minutes for rebuttal, Chief Judge Lynch? Yes, you may have it. Thank you. This case is about a defendant's right to an evidentiary hearing when he makes a substantial preliminary showing that a search warrant was obtained based on an intentionally false statement in a police affidavit. My client made a substantial preliminary showing of an intentionally false statement by Officer Gattardi who obtained a search warrant that led to the discovery of marijuana and an illegal firearm in my client's home. The officer claimed to have gotten his information from a confidential informant who he identified as CI 11-25, who he described as a very reliable informant for the past several years who had helped him obtain numerous drug search warrants that had led to numerous persons being charged and convicted of drug offenses, but it turned out upon an investigation arranged by trial counsel that in fact over the two years leading up to the search warrant in this case no other search warrants had been obtained by Officer Gattardi based on information provided by a confidential informant designated as CI 11-25. There were two that were obtained subsequently, but none prior. This is a difficult case. The magistrate judge, as I understood, did not make a finding that you were entitled to a Franks hearing at any point. However, she was concerned and wanted to develop more information. Your statement that the officer made an intentionally or grossly negligent statement to the state court depends on certain assumptions that 11-25 was a single person and then the additional information turns out to show that it was not a single individual that shifting numbers were used. There is no information at all about whether the state court judge who issued the warrant was in any way misled by that or understood the basic procedure. So even if one doesn't like the procedure that was used, do we still have any right to a Franks hearing? Well, Your Honor, I think we do. I didn't mean to say that the evidence establishes that the officer made a false statement. It's not clear. But I do think it amounts to a substantial preliminary showing that the officer made a false statement. It's not like some of the other cases where the defendant comes forward and says, well, the confidential informant said X, and here's a witness who will say Y, and it's a swearing contest. And this court has not found that to be adequate. But I think here where we have the officer making representations about this confidential informant and then the defendant comes up with evidence that appears to show, or let me rephrase that, that raises a substantial question as to whether the officer's statements about the confidential informant are correct. I think if we follow the Seventh Circuit's decision in the McMurtry case, that is enough to have an entitlement to a Franks hearing. And I guess the concern is if we say it isn't enough, then it's hard to see when this mechanism cannot be used to say, well, maybe you've made a showing, but we're going to look at it ourselves and then get back to you. You know, as I've indicated, it's at least questionable, the procedure that was used. But you were given a redacted copy of the report, apparently. Had you had the opportunity to cross-examine, what would have happened? Well, I was not trial counsel myself, but obviously I don't know. And that's part of what I think the government is arguing, that, you know, what more was there to come out. And I guess what I would say is that's sort of the nature of cross-examination and why you have to have a better answer than that. Okay. We would have put Officer Guittardi on the stand and probed his story, which in the magistrate judge's own words was somewhat hard to believe and irregular and illogical. Would you have called the state court judge? Perhaps I would have. But I mean, I think the primary focus would have been on the officer. And my position is that if we had presented, made a sufficient showing to convince the magistrate judge that there had been a problem identified in the explanation, I mean, even accepting the explanatory affidavit, it was still, it didn't make much sense to anyone. And that has never been resolved. This seems like a situation that is ripe for cross-examination where we, the witnesses, that there's been an explanation and it doesn't seem to add up. Based on a certain assumption. Well, right, but based on, well, no, I'm sorry. Respectfully, the, I mean, what the magistrate judge was saying was that this is not, this would not be a sensible way to do business as a police officer, to reuse the same number for different people. Over a period of time. Right. Right, because if, and the officer apparently explained that this was designed to protect the confidentiality of the informants, and the question was raised, well, how does that help? How does this not do the opposite and create the risk of erroneous identification? The allegation about the untruth or the deception by the officer is what? That he claimed that the CIA had given previous help? Is that your, that's your view of what was, that's what you were trying, would try and prove in the Franks hearing, that that statement was deceptive? Yes, and the worst inference, as the magistrate judge acknowledged, is that the CIA did not exist. But you don't need to go that far. You just need to show that he represented that there was, this CIA had helped me previously. And as long as you can show that's the case, you win on that, right? And that's what you would want to prove in the Franks hearing. So I guess on that score, you do an investigation, you see there's no indication that CIA 25, no formal evidence had given help beforehand, right? That's the import of what the whole investigation that you did was, okay? Correct. Their response back, could you just help me understand the response that the government gives back to you on that showing? How does their response suggest maybe CIA 25 did give help before? How does it suggest it? Well, you're saying that there's an affidavit saying CIA 25 gave help beforehand to me, right? So I've relied on them in the past. You then do a study that shows CIA 25 is never listed as ever giving help in the past, okay? The government then comes back and says, well, here's what happens with CIA 25, here's how we use the numbers, okay? In what way is that responsive to the issue of whether CIA 25 gave help in the past? I'm losing the thread of that. I suppose I would defer to the government on that one. Well, no, but you have the redacted government report. I believe the explanation given was that they found the person who was CIA 1125 in this case, and apparently that person did provide help earlier. So I guess that's the – and I think that just goes to the question of whether you've made a substantial showing. You made an allegation. You say, well, here's our reason for thinking it's a really good allegation, which is we don't see CIA 25 turning up at all. They come back and say, well, that's because CIA 25 wouldn't be the right number to look for. Now, she then has a concern about that, but if it turns out there's some force to that, then why is there a substantial showing that you've shown a deception? It just turns out you made an allegation with some evidence that's not – doesn't really tell you all that much more about whether CIA 25 does exist or not. Point taken. I guess what I would say is if we follow the McMurtry case, that's not how this is supposed to work. I thought in McMurtry they had decided there was a substantial showing. Well, no, well, they had – then you're not – once you've made that, you can't substitute the Franks hearing for other mechanisms. Our question is what counts as clear error on the determination of what a substantial showing is, and I'm just trying to figure out why the evidence before us here means that the district court clearly erred in deciding that your study didn't count as a substantial showing. I guess because I would, again, go back to before we received Officer Guattari's explanation. All that was before the district court was a statement about prior use of 1125 and then an affidavit saying no, there was not prior use of 1125. And I would weave into that the district court's – the magistrate judge's later conclusion that this really doesn't make much sense, even if perhaps that's what actually happened. But so putting those two things together, I think that is a substantial preliminary showing, not just positive, but consistent. Thank you, counsel. I'm Margaret McGoy for the United States. If I may skip to the end, which I think is Judge Lynch's question. The end of this entire process, which I will walk the court through in a minute, the end of the process was a report that was given to the court under the signature of the supervisory assistant U.S. attorney in Bangor. A redacted copy of that report, redacted to exclude the names, was given to defense counsel. And defense counsel did not lodge a single factual objection to that report. He did not say it's not true, this informant never existed. He did not say it's not true, this informant never gave reliable information in the past. He did not refute any aspect of the report. So that's the bottom line. That's the point at which the magistrate judge found he had failed his substantial showing under Franks. But if I may backtrack, Judge Barron, perhaps I will get to your question. When you say that he didn't refute any of the facts, the report that was presented to the court, did it go into detail about what this CI's relationship was to the defendant? Because I don't know if, for instance, if the report only said, yeah, we verified that he's given accurate information about other people in the past, I don't know how this particular defendant would be able to refute that or challenge that. Judge Thompson, if that concerns you, I can arrange to have that report forwarded to the court under seal so the court can make its own determination about the length and detailed nature of the report. What I can tell you on the basis of- If the only thing that was sealed were names, why doesn't the report that was given to defense counsel suffice? I can make that available. It is not currently part of the court's record, but I certainly can make it available if the court would like that. The district court did not put it in the record? It's not in the record that I have, Your Honor, and it's not in the appendix that I received from defense counsel, but I can make it available. Yes, please. I will do that. I will do that tomorrow. I will file it electronically. Does the court want it under seal? I believe that we should be given the same report that was given to defense counsel. And I will do that tomorrow. If I may backtrack where I think Judge Barron was headed. After the Pelkey affidavit, there was a question about whether CI-1125 existed and whether that informant had ever given reliable information in the past. The government responded by an affidavit by Mr. Gattardi, who said a number of important things. One, that CI-1125 was a real person. Two, that CI-1125 had given reliable information that had resulted in drug cases in the past. Three, that CI-1125 had been given four different numbers over a period of years as a matter of attempting to secure his safety. Fourth, that there were two other people who had been given the designation 1125. They were different, and you could tell they were different because the pedigrees that were described in the various warrants were different. And finally, he described what I will concede was a highly irregular procedure of identifying multiple people by the same number. In the government's view, the inquiry could have stopped at that point for two reasons. One is that defense counsel never challenged what Gattardi would say. It was never disputed that what he responded with in his affidavit  What were the numbers under which the confidential informant had been identified to the state court before? Were those contained in the report? That I don't know, Judge Lynch. I have intentionally not read the report because of the confidentiality concerns, but again, my offer is to make that available to the court so the court can form its own judgments about that. But if I may continue with the process that the court followed. Did defense counsel ask that that report be made part of the record? Not to my knowledge. Alright, then I think you better give us the copy you gave to the defendant, but file that under seal. I will do that. I will do that. My point was, how could they challenge it if there wasn't enough information? And you will, of course, form that conclusion yourself. But I think that report does not stand alone. One of the ways that we know that Gattardi was truthful in his representations is that when you do a side-by-side comparison of the informant in the Graff Affidavit, the informant in the Hutchins Affidavit, and the informant in the Vigou-Sprague Affidavit, there are a number of salient differences that make clear that they are different people. One of the most important of that is the nature of the crimes they were reported to have investigated. With Mr. Graff, it was only marijuana. With Mr. Hutchins, it was robbery, burglary, and drugs of other forms. Judge Barron. I'm just trying to figure out what point in time is the relevant point in time for purposes of this appeal. So one point in time is, is it the Pelkey Affidavit that's the defendant's investigation? That's what we call that? Okay. At the moment, the Pelkey, the first thing they say, he's lying. Okay. She says that's not a substantial showing. No one seems to be disputing that point. Second, they come back with the Pelkey Affidavit saying, we've done our own investigation, C.I.A. 25 doesn't turn up. District Court, again, says that's not a substantial showing. As I take it, the defendant says at that moment they met the substantial showing, you should have gone right to a Frank's hearing. I suppose that is his argument, but. And that's wrong because. That's wrong because there is no case precedent telling district judges exactly what they need to do under these circumstances. The best case that the magistrate judge cited and that I could find is the Higgins case, which is 20 years old, and that very broadly leads to the discretion of the trial judge what to do when there is a concern about whether the defendant has had an opportunity to make a sufficient Frank showing. The magistrate judge can hold an in-camera hearing. I'm just trying to guess, what does count as a substantial showing, though? There are some things that would count as a substantial showing where there wouldn't be this issue. She made a finding. There was no substantial showing upon the Pelkey affidavit. What the defendant is saying is, we allege that there was no basis for saying what had been said in the affidavit, that C.I.A. 25 had helped. We then went and did a search, and we don't see C.I.A. 25 turning up at all. That's not a substantial showing in the government's view because. Because it does not freeze there in time, and because the district judge has discretion to decide how much of an inquiry should be pursued and what that inquiry should be. Is that always true? Well. Then there would never be this Frank hearing. So that can't be their answer. That's why I'm pushing on it, because there's got to be some point at which the whole idea of the Frank's hearing is, I've made enough of a showing that the district judge loses the discretion to preterminate going to a full Frank's hearing with cross-examination. So what I want to know is. There's an assumption, Judge Barron, that it automatically must go to a hearing without any intermediary steps. And I cannot find any case that says that it must automatically go to a hearing on the defendant's say-so. Even when there's a substantial showing? The government must be given an opportunity to rebut, and the district court must be given discretion to frame the manner of the inquiry. In this case, the government would urge the court to believe that the district court framed a very careful inquiry. So I'm just looking for a few sentences as to why the Pelkey affidavit, in your view, was not sufficiently strong a showing, given the difficulties a defendant would have to make out a proof that a CI didn't exist. Why that didn't do enough to say we should go to a Frank's hearing. I get the point. There's discretion. But just practically speaking, why do you think that isn't a strong enough showing? What more would you have required? Let me explain the policy reasons behind what I think were the district judge's choice to proceed the way she did. The district judge was very mindful of two strongly competing interests. One was the interest of ensuring that CI-1125 was an actual person with an actual track record of the nature that Guattardi had described. But the second was the security, not just of the original 1125, but the security of two other 1125s. One of the reasons that prosecutors work so hard to avoid Frank's hearings is because cross-examination has the nasty habit of disclosing details that can reveal the identity of an informant. And when an informant's identity is revealed, that poses a serious risk to the security of the informant. And it's particularly crucial in rural Somerset County, Maine, in which everybody knows everybody. So it was in light of that overall policy concern about wanting to get to the truth of the matter, but also protect the identity of the informant, that the district court took the measured, careful steps that she did that resulted in a report that defense counsel has never refuted. But you can see how easy it would be to substitute an investigation instead of a Frank's hearing and to deny the defendant the ability to cross-examine. And then that raises a host of other problems, such as who does the investigation? And outsourcing an investigation to the ATF in a criminal case raises real concerns for us. So maybe the law does not require a substantial showing before something less than a Frank's hearing is done. You may or may not be right about that. We don't know. The Supreme Court has never told us. But it is a very troublesome situation. If I may attempt to put you at ease a little bit, Judge Lynch, one of the procedures that prior precedent does approve is an in-camera inspection of the informant. And I understand in-camera to be judge and affiant by themselves. And that would also be a circumstance in which the defendant would not have the opportunity to cross-examine, but which the district judge could, as a matter of discretion, probe that issue him or herself. And what the magistrate judge in this case chose to do was instead order a very specific report to answer very specific questions performed by very specific people under the supervision of very specific people and result in a report that the defendant has never challenged. So in this instance, the district court, in the government's view, exercised admirable discretion, without much guidance from courts, I might add, about handle what was... Yes, it's true. Not from us, not from the Supreme Court. So she did the best she could. So partly are you saying he could then have asked, once the government affidavit come in, he could then have asked for the opportunity to cross-examine. Correct. And in his failure to do so, he's given up the claim. He could have said, X fact I have investigated is inaccurate. X fact in the report, now I want to have a cross-examination. But he didn't refute it at all. He rested on the results of that report. And in the government's view, that was ample to demonstrate that he had failed his burden of showing he was entitled to a Frank's hearing. But once again, then it goes back to what facts were in this report. If the facts were facts that he couldn't refute, then that project makes no sense. And that's why I think it's important for the court... Or pertinent to him personally, and I guess we'll have a chance to look when we see it. I will forward... And the problem I have with what you said about the magistrate judge doing it, the magistrate judge is an impartial person. Correct. But when you designate it out to the agency who's conducting the investigation, that raises conflict of interest issues. Well, the defendant made a big point of that. And the magistrate judge was pretty careful about who she said could conduct that investigation. It couldn't be Somerset County detectives. It couldn't be McSwen, who in fact had nothing to do with the search until after it was over. It had to have been an agent who had no contact whatsoever with the case. That person was chosen by the resident agent in charge of ATF. It had to be supervised, not by the trial assistant U.S. attorney, but by his supervisor. And it had to be a report under the signature of an officer of the court. Just to get your point about them not challenging the report, so I'm trying to just fit this into the legal standard of clear error. And one possibility is that because of the policy interest that you very well stated about protecting the confidentiality of the CI, in a case in which the concern is raised and the judge says, we're not going to go right to a Frank's hearing, I'll call the CI in, and then the judge says on the basis of that in-camera inspection, I believe there's no substantial showing. It would be very hard on an appeal to overturn that. But in this instance, what the judge is relying on in the end is this ATF report. That makes it potentially somewhat easier to say, well, it is clear error to rely on that report and that report alone as the basis for saying that there's no substantial showing. But I understood you to be saying that the defendant never then challenges that report. So is the defendant's only claim for a Frank's hearing based on the Pelkey affidavit and the response that came back? In other words, they're not saying once the report came in, they still were entitled to a Frank's hearing, that it was clear error to rely on that? I think that's what he should be saying. I think he should be saying, there was an investigation. It didn't satisfy. But you're saying he does not make that argument. He does not make that argument. That's why in the government's view, there was no error in the refusal to hold a Frank's hearing. If the court has other questions, I'd be happy to answer them. I can also tell the court that if the court is truly concerned, the court can at this juncture remand for a Frank's hearing. The defendant has not sought to withdraw his guilty plea. The worst that happens is that there's a Frank's hearing, and the court decides after that point whether he's entitled to withdraw his guilty plea. But the government views it's not necessary to go there, because the report was so carefully monitored by the court, and the defendant has never challenged it. Thank you. Thank you. Your Honors, in terms of this argument that we didn't object to the report, we had requested a Frank's hearing. The district court said, the magistrate judge said, no, we're going to go through this other procedure. They went through the other procedure, and based on the report she received, she declined to hold a Frank's hearing. I don't know what more we could have done at that point. What was your argument to the district court in light of the further investigation we're still entitled to a Frank's hearing? Well, at that point, I don't believe there was further argument. It's my recollection that the magistrate judge received the report. She described what is in it. She gave her ruling, and I believe that was the end of it. Yeah, so you're saying this wasn't waiver. It wasn't forfeiture. There just wasn't an opportunity to comment at that point? It doesn't appear to have been. And I would also – You couldn't move for a Frank's hearing after getting the report? Well – At trial counsel, we draw the distinction. Sorry. I mean, again, I would prefer to focus on the prior point in time that we're discussing where – and I would submit that there is precedent. There is – I mean, you will make the decision whether you follow it or not, but the McMurtry case from the Seventh Circuit does provide a rule as to when you need to have a Frank's hearing. And then, of course, you will decide whether the substantial preliminary showing is made. I would just add that the cases from this circuit that are on point appear to be cases where there was not nearly as strong a showing made. So there may have been some sort of in-camera proceeding somewhat analogous to what happened here, but it was – I think this one is distinguishable. And the Court of Appeals standard of review is on denial of a Frank's hearing? Well, my argument is that there was an error of law here in not holding a Frank's hearing once we had made the substantial preliminary showing. It's very difficult to separate the legal issues from the facts. You can see that the question of whether there was a substantial showing, that we review for clear error. Yeah. I'm confident in the showing. Thank you. Thank you very much.